UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED ASSOCIATION LOCAL
198 PENSION FUND, ET AL

CIVIL ACTION

VERSUS

NO. 09-391-BAJ-CN

LOUISIANA PIPE & STEEL
FABRICATORS, LLC

## RULING

This matter is before the Court on a motion by plaintiffs, United Association

Local 198 Pension Fund, United Association Local 198 Welfare Fund, United

Association Local 198 Education Fund, United Association Local 198 Annuity Fund,

and United Association Local Union No. 198 (collectively "plaintiffs"), for summary

judgment (doc. 18).  No opposition to the motion has been filed.  Jurisdiction is

based on 28 U.S.C. § 1331.

## BACKGROUND

The matter before the Court is a collection proceeding against a union

contractor for allegedly unpaid fringe benefits pursuant to the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. §§1132 and 1145, and §301 of the Labor

Management Relations Act ("LMRA"), 29 U.S.C. §185(a).

Plaintiffs allege that defendant, Louisiana Pipe & Steel Fabricators, LLC, is a

party to a collective bargaining agreement with United Association Local Union No.

198 ("Union").  According to the complaint, the collective bargaining agreement

requires defendant to submit monthly reports and make corresponding monthly contributions to employees' retirement benefits, health and welfare benefits and apprenticeship training benefits.  Plaintiffs further allege that defendant failed to remit the required contributions from February through June of 2008, and they seek to recover: (1) delinquent contributions and penalties; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs of litigation; and (5) any other legal or equitable relief the Court deems appropriate. (Complaint).

As required by Uniform Local Rule 56.1, plaintiffs have submitted a statement of facts that they claim are material to the motion before the court.   Because defendant has not controverted any of the material facts set forth in that statement, the following facts are deemed admitted for purposes of the motion as provided by Uniform Local Rule 56.2.[1]  They are as follows:

1.      Plaintiffs, United Association Local 198 Welfare Fund ("Welfare Fund") and United Association Local 198 Education Fund ("Education Fund") are multi-employer "employee welfare benefit plans" as defined in ERISA, 29 U.S.C. § 1002(1), established by United Association Local Union No. 198 ("the union") and employers in industry affecting commerce whose

---

[1]LR56.2 provides:

Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

employees are represented by the Union, for the purposes of providing health and welfare benefits to qualified and eligible employees and their dependants, and education and training for individuals in the plumbing trade.

2.   Plaintiff, United Association Local 198 Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in §3(2)(A) of ERISA, 19 U.S.C. § 1002(A).

3.   The Pension Fund was established by the union and employers in an industry affecting commerce whose employees are represented by the union, for the purposes of providing retirement income to employees.

4.   Defendant, Louisiana Pipe & Steel Fabricators, LLC, (Louisiana Pipe & Steel) is an employer which is a party to the collective bargaining agreement with the union.

5.   Louisiana Pipe & Steel entered into a collective bargaining agreement ("CBA") with the union effective September 5, 2006.

6.   The CBA expired September 5, 2008.

7.   Louisiana Pipe & Steel continued employing union members, paying union scale, submitting monthly reports, and making contributions on behalf of those members.

8.   Pursuant to the terms of the CBA, Louisiana Pipe & Steel recognized the union as the sole and exclusive bargaining representative for all of its plumbers over whom the union had occupational jurisdiction.

9.   The CBA binds Louisiana Pipe & Steel to pay monthly contributions for all employees performing bargaining union work.

10.  The contributions fund retirement benefits, health and welfare benefits, and apprenticeship training benefits.

11.  The CBA provides in the Wages and Working section that "[t]he undersigned Contractor Employer agrees to be bound by the

3

following payment and reporting schedule and schedule of assessments, penalties and fees adopted by the Board of Trustees of the Funds pursuant to its powers and authority set forth in Agreements."

12.    "The Employer agrees to be bound by the Declaration of Trust establishing each Local Union trust and the International Training Fund to which the employer is required to contribute pursuant to [Wages and Working Conditions] of this Agreement and further agrees to be bound by all amendments made thereto, the same as if the Employer was a party to said Declaration of Trust."

13.    Sections 4.1 to 4.6 Restated and Amended Agreement and Declaration of Trust of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local 198 AFL-CIO Pension Plan authorize ("pension fund trust agreement") the Trustees to bring suit against delinquent employers, to impose penalties, and to collect attorneys' fees from delinquent employers.

14.    Section 7.16 of the Restated and Amended Pension Plan of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada AFL-CIO Pension Trust ("pension fund plan document") authorizes recovery of unpaid contributions, the greater of interest or 20% of the unpaid contributions, and attorneys' fees.

15.    Section 4.1 to 4.6 of the Restated and Amended Agreement and Declaration of Trust of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local 198 AFL-CIO Health and Welfare Plan ("welfare fund trust agreement") authorizes litigation by the Trustees against delinquent employers, the imposition of liquidated damages, and the collection of attorneys' fees from delinquent employers.

16.    Section 4.1 to 4.6 of the Restated and Amended Agreement and Declaration of Trust of United Association of Journeymen and Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada Local 198 AFL-CIO Educational Plan

("education fund trust agreement") ) authorizes litigation by the Trustees against delinquent employers, the imposition of liquidated damages, and the collection of attorneys' fees from delinquent employers.

17.   Louisiana Pipe & Steel failed to remit contributions for December of 2008 through April of 2009.

18.   The total delinquent contribution for this time period due to the Pension Fund is $5,279.32.

19.   The amount of the penalty is $1,055.86.

20.   The total delinquent contribution due to the Health and Welfare Fund for this time period is $9,183.24.

21.   The amount of the penalty is $1,836.73.

22.   The total delinquent contribution due to the Education Funds for this time period is $491.10.

23.   The amount of the penalty is $98.22.

24.   The total amount due and owing from December of 2008 to March of 2009 is $17,944.80.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.  *Coleman v. Houston Independent School District*, 113, F.3d

528 (5th Cir. 1997).   After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).   The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence.   *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).   Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."   *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiffs' claims are grounded in obligations allegedly imposed by the terms of a collective bargaining agreement.   For defendant to have been bound by those terms, it must have be a party to the agreement at the time in question.   The undisputed facts establish for purposes of this motion for summary judgment that a collective bargaining agreement existed between the union and defendant, but also establish that the written agreement expired on September 5, 2008, approximately three months prior to the date on which defendant stopped paying contributions into the trusts.   Plaintiffs, however, argue that defendant's conduct after the expiration of the agreement "exhibited an adoption of the terms of the CBA" because defendant continued to employ union members, to pay union scale, and to submit contribution reports after the agreement expired (doc. 18-8, p. 5).

Plaintiffs cite two cases in support of the above statement, but do not otherwise address this essential element of their claim.  (*Id.*).

One of the cases cited by plaintiffs is *Trustees of Atlanta Iron Workers, Local 387 Pension Fund v. Southern Stress Wire Corp.,* 724 F.2d 1458 (11th Cir. 1983). In *Trustees of Atlanta*, however, the court found that a valid pre-hire agreement between an employer and union was converted into an enforceable collective bargaining agreement where the pre-hire agreement specifically bound the employer to the union's fringe benefits trust, and  the employer further manifested an intention to abide by the terms of the collective bargaining agreement by: (1) hiring virtually all of its employees from the union hiring hall; (2) paying them in conformance with the pay scale established by the collective bargaining agreement; (3) paying money to and for the benefit of its employees to the trust fund for hospitalization benefits and frequently for other trust benefits; and where the trustees conducted at least two audits of the employer's records pursuant to the trust. *Id.* at 1459.

In the other case cited by plaintiffs, *NLRB v. Haberman Construction Co.*, 641 F.2d 351 (2nd Cir. 1999), *cert. denied*, 529 U.S. 1004 (2000), the court found that the terms of a collective bargaining agreement were enforceable where a valid pre-hire agreement existed between the parties and the union had achieved majority status in the relevant bargaining unit by the time the employer ceased complying with the terms of the collective bargaining agreement.

7

In the present case, however, plaintiffs have not established that defendant hired virtually all of its employees from the union hiring hall, or that it had submitted to audits of its payroll records pursuant to the agreement, or that the union had achieved majority status at the time defendant ceased paying monthly contributions. Moreover, the Court looks to relevant case law in this circuit.

In *Carpenters Amended & Restated Health Benefit Fund v. Holleman Construction Co.*, 751 F.2d 763 (5th Cir. 1985), union trust funds claimed that an employer was bound by an unsigned collective bargaining agreement because the employer had, for four years, submitted benefit reports and contributions to the trust funds for some of its employees. The court noted that "whether the parties have entered into a contract is an issue of fact." *Id.* at 770. In finding that the parties had not entered into an enforceable contract the court stated, in pertinent part:

> However, the [employer] did not make these benefit contributions on behalf of all of its Union employees, nor did it use the Union hiring hall. Taken as a whole, the [employer's] conduct did not manifest an intent to be bound by the collective bargaining agreement. Having declined to accept the benefits of the agreement, the [employer] should not be bound by its burdens.

*Id.* at 771.

In *Firesheets v. A.G. Bldg. Specialists, Inc.*, 134 F.3d 729 (5th Cir. 1998), as in the case at bar, a plaintiff sought to enforce terms of a collective bargaining agreement even though the agreement had expired by its own express terms. The plaintiff in *Firesheets* argued that the employer was nonetheless bound by the

8

agreement because the employer had made contributions to trust funds on behalf of some of its employees for approximately ten years after the agreement terminated; because the employer continued to file monthly contribution reports that included language stating that the employer was bound by provisions of the agreements; and because of the existence of certain notes from negotiations for a new agreement which discuss details of possible arrangements.  The court found that the employer, however, had acted inconsistently with the creation of a new agreement and had not manifested an intent to be bound by the collective bargaining agreement.

In light of all of the above, the Court finds that a genuine issue of fact exists as to whether there was an enforceable agreement between the parties at the time in question.

## CONCLUSION

Accordingly, plaintiffs' motion for summary judgment (doc. 18) is **DENIED**.

Baton Rouge, Louisiana, November 29, 2010.


_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

9